**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                      )
**AISHA BLOCKER**                         )
     Plaintiff,                         )
                                      )
**vs.**                                     ) **Civil Action No. 1:12-cv-10155**
                                      )
                                      )
**PORTFOLIO RECOVERY ASSOCIATES, LLC,** )
**BEN RAY, JOHN DOES, and JANE DOES**    )
     Defendants,                     )
_____)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### *I.     INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff Aisha Blocker, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

### *II.     JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court

without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and §1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

### III.    PARTIES

4. Plaintiff, Aisha Blocker is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Suffolk County, in the state of Massachusetts.

5. Defendant, Portfolio Recovery Associates, Inc. is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

6. Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff. Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Plaintiff is informed and believes, and thereon alleged, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. At all relevant times, Defendant acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. Sometime before 2012, Plaintiff, Aisha Blocker, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Aisha.

12. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13. Defendant then within one year prior to the filing of this complaint, began contacting Aisha and placing collection calls to Aisha in 2011; seeking and demanding payment for an alleged consumer debt owed under an account number.

14. Upon information and belief, Defendant's agent, who identified himself as 'Ben Ray' called Aisha's home phone number, which is (617) 282-0522 on December 4, 2011 at around 2:55 postmeridian, and spoke to one of her friends who told the agent that Aisha was not currently at her home; which was the truth.

15. Defendant utilized unfair and unconscionable means to collect on Aisha's alleged debt, by proceeding to alert said friend, a third party, to the alleged debt; without Aisha's consent.

## *SUMMARY*

16. All of the above-described collection communications made to Plaintiff Aisha Blocker by each individual Defendant and other collection employees employed by Defendant Portfolio Recovery Associates, Inc., were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

17. The above-detailed conduct by these Defendants of harassing Aisha in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Aisha's privacy by an intrusion upon seclusion.

18. As a result of the acts alleged above, Defendant caused Aisha to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

19. Aisha suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, upset, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

20. Defendants' unlawful attempt(s) to collect this alleged debt from Aisha, constitute an invasion of Aisha's privacy and her right to be left alone.

21. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Aisha.

## *RESPONDEAT SUPERIOR LIABILITY*

22. The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Portfolio Recovery Associates, Inc. who communicated with Plaintiff Aisha Blocker as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Portfolio Recovery Associates, Inc.

23. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Portfolio Recovery Associates, Inc. in collecting consumer debts.

24. By committing these acts and omissions against Aisha, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Portfolio Recovery Associates, Inc.

25. Defendant Portfolio Recovery Associates, Inc. is therefore liable to Aisha through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees,

including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Aisha.

### V. CAUSES OF ACTION

#### COUNT I

#### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
#### 15 U.S.C. § 1692 et seq.

26. Aisha repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Aisha:

> (a) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

> (b) Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA.

28. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff Aisha Blocker for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II

### VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
### M.G.L. c.93A

29. Plaintiff Aisha Blocker repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the M.G.L. c.93A, which considers unfair act or practice in violation of a federal law such as the FDCPA the same as a violation of the FDCPA, and thus prohibits unfair business practices, such as Defendants calling alerting Aisha's boyfriend to the alleged debt without her consent.

31. Upon information and belief, Defendant Portfolio Recovery Associates, Inc. already had knowledge to know that its actions were in violation of the FDCPA prior to committing them, as they were sued before in 2011 in Civil Action No. 7:11-cv-00110-O, Isabelle Lafxo *v.* Portfolio Recovery Associates, Inc. in the United States District Court for the Western District of New York, for the exact same unlawful actions of speaking to a third party to the alleged debt and alerting them to it without the consumer's consent;

thus Defendants committed a willful and knowing violation of the FDCPA through its unlawful actions against Aisha.

32. As a result of the foregoing violations of the M.G.L. c.93A, Defendant is liable to the Plaintiff Aisha Blocker for trebled statutory damages, attorney's fees, interests and costs, as a result of a willful and knowing violation of the FDCPA, as well as for failure to make a reasonable settlement offer within thirty days after Aisha initially sent a demand letter offering settlement.

### COUNT III.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

33. Plaintiff Aisha Blocker repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

35. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial

data for a broad range of "financial institutions" **including debt collectors**, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

36. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Aisha Blocker, namely, by unlawfully attempting to collect a debt and thereby invaded Aisha's privacy.

37. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Aisha, namely, by repeatedly and unlawfully contacting her at her workplace without her consent after she already told Defendants that this was unacceptable, and thereby invaded Aisha's right to privacy.

38. Defendants and their agents intentionally and/or negligently caused emotional harm to Aisha by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Aisha's right to privacy.

39. Aisha had a reasonable expectation of privacy in Aisha's solitude, seclusion, private concerns and affairs.

40. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Aisha, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

41. Defendants' acts as described above were done intentionally with the purpose of coercing Aisha to pay the alleged debt.

42. As a result of such intrusions and invasions of privacy, Defendants are liable to Aisha for actual damages in an amount to be determined at trial from each and every Defendant.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Trebled statutory damages from Defendant Portfolio Recovery Associates, Inc. pursuant to M.G.L.c.93A.

D. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. For such other and further relief as the Court may deem just and proper.

Dated:  January 26, 2011                                  RESPECTFULLY SUBMITTED,
　　　　　　　　　　　　　　　　　　　　　　　　　　　　By: /s/ Kevin Crick
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Kevin Crick
　　　　　　　　　　　　　　　　　　　　　　　　　　　　BBO:  680950
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Consumer Rights Law Firm, PLLC
　　　　　　　　　　　　　　　　　　　　　　　　　　　　2 Dundee Park, Suite 201
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Andover, Massachusetts 01810
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Phone: (978) 212-3300
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (888) 712-4458
　　　　　　　　　　　　　　　　　　　　　　　　　　　　kevinc@consumerlawfirmcenter.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Attorney for Plaintiff**

*DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Aisha Blocker demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.